# Treftz *versus* Pitts *et al.*

1. An ejectment on an equitable title is a substitute for a bill in equity, and the verdict and judgment have the same conclusive effect as the decree of a chancellor.

2. In a second action of ejectment parol evidence is admissible to show that the recovery in the first ejectment was on an equitable title.

3. Meyers *v.* Hill, 10 Wright 9, recognised. Paul *v.* Oliphant, 2 Harris 242; Peterman *v.* Huling, 7 Casey 432, remarked on.

October 28th 1873. Before READ, C. J., AGNEW, SHARSWOOD, WILLIAMS and MERCUR, JJ.

Error to the Court of Common Pleas of *Cambria county*: Of October and November Term 1873, No. 139.

This was an action of ejectment brought April 20th 1870, by John J. Treftz, against James Pitts and others, tenants, and George S. King and John S. Watts, landlords.

The premises were a tract of about 158 acres.

The cause was tried June 9th 1873, before Dean, P. J.

The plaintiff gave in evidence a patent from Commonwealth, March 22d 1824, to Christian Horner, for the premises in controversy. Deed, April 1st 1846, Horner to John J. Treftz, for the same premises, recorded March 16th 1848, and rested.

The defendants gave evidence that about February 1846, at the request of King, J. A. Treftz, the father of the plaintiff, entered into negotiations with Horner on the behalf of King, for the pur-

chase of the property in dispute, for G. S. King & Co.; that as the result of these negotiations, J. A. Treftz made a contract with Horner for the purchase of the land, King gave him a draft for $150, to make the first payment, and took from him the following paper:—

"This is to certify, that the purchase of a tract of land about to be made by me from Christian Horner, containing one hundred and fifty-eight acres, above Johnstown, adjoining land of Jacob Levergood and others, is for George S. King & Co., and that I received a draft from them on R. Robinson & Co., for one hundred and fifty dollars to pay on the same.

Witness my hand and seal this February 9th 1846."

. J. Adam Treftz. [seal.]

On which is the following endorsement:—

"The within-mentioned draft on R. Robinson & Co. was returned, and I received one hundred and fifty dollars in cash for the same purpose.

February 11th 1846.        J. Adam Treftz.'

The defendant gave evidence further that J. A. Treftz afterwards induced Horner to make the article to himself; it was dated February 12th 1846, the consideration being $800, and gave it to King. That subsequently King drew an assignment on the article to G. King & Co., and J. F. Treftz declined to sign it. King subsequently tendered the money that at the time was due on the purchase-money, and also notes for the remainder not then due. The tender was declined. The defendants gave other evidence tending to show that the purchase from Horner was for G. S. King & Co., and that the purchase-money was furnished by that firm.

They gave in evidence also, under objection and exception, the record of an ejectment in the Court of Common Pleas of Cambria county, brought February 21st 1848, by George S. King, Peter Shoenberger, John K. Shryock and William Shryock, trading as George S. King & Co., against J. Adam Treftz, J. John Treftz, Gotleib Treftz, Isadore Bojohn and John Gay. The verdict on the 6th of July 1869, was for the plaintiffs. Same day the plaintiffs deposited in court $322.76, and three notes drawn by them with sureties in favor of J. Adam Treftz, altogether amounting to $350. On the 10th of January 1852, J. A. Treftz received the cash and notes from the prothonotary, and gave his receipt on the record. On the 4th of December 1855, a rule on the defendants was granted to file in court the title papers in this case, and on J. John Treftz to convey to the plaintiff. This rule was made absolute July 15th 1868. On the 23d of February 1870, a rule

was granted on the defendants to show cause why an attachment should not issue for failure to comply with the foregoing decree. On the 10th of May 1870, this rule was discharged.

The defendants called James Potts, Esq., who testified that he was of counsel with the plaintiffs in the foregoing action of ejectment; that it was an equitable action of ejectment to enforce a trust on the title given in evidence.

They then asked the witness to "state upon what the plaintiffs placed their sole reliance in that action," for the purpose of showing that the questions between the parties to this issue are the same as those passed on in the former action of ejectment. The plaintiff objected to the offer, because parol testimony is inadmissible to determine matters not appearing on the record in that suit, and because the proposed evidence is immaterial, whether the questions in both suits are the same.

The offer was admitted and a bill of exceptions sealed.

The court then asked the witness: "Upon what did the plaintiff ground his right to recover in that suit? The witness said: J. A. Treftz, father of the plaintiff here, bought the land of Horner for G. S. King & Co., and paid with their money, he was to execute a deed to them or transfer the article; before that was done the father and son got Horner to execute a deed to J. J. Treftz, the son, and plaintiffs in this case. The plaintiff and defendants then offered the evidence which they now respectively offer. The defendants thus contended that J. John Treftz, the plaintiff here, was a bonâ fide purchaser from Horner without notice of the trust in J. Adam Treftz; the plaintiffs then contended that the purchase from Horner was by J. Adam Treftz, that the $150 was never got by J. J. Treftz, but it was merely a transfer at the request of J. A. Treftz to his son. Judge Taylor on that trial instructed the jury that they might infer from the evidence that J. J. Treftz had knowledge of the transaction between his father, Horner and G. S. King & Co. The exact interests of the plaintiffs in that case were vested in the plaintiffs in this case."

The plaintiff then in rebuttal offered to prove that the paper of February 9th 1846 from J. A. Treftz was procured by fraud on him: and that he believed he was signing a paper in relation to delivering ore; and had no idea he was signing anything in relation to his contract with Horner; that he repudiated the alleged contract of King as soon as he was informed of it; that J. J. Treftz purchased the legal title without any knowledge of the agreement with King & Co.; that J. J. Treftz took possession of the land and exercised acts of ownership with the knowledge of King & Co., and without any objection from them; that the deposit in court was without the knowledge of J. J. Treftz, and the money was taken out of court without his knowledge or consent; and

[Treftz *v.* Pitts.]

that the verdict in the former case was procured by fraud and mis-representation.

The offer was objected to by the defendants, rejected by the court and a bill of exceptions sealed.

The plaintiff submitted the following points, all which were negatived by the court:—

1. The plaintiff is a purchaser for full value of the legal title without notice of any equity in the defendants.

2. The paper put in evidence by the defendants contemplated a future conveyance or agreement which was never completed by the parties, and is not therefore sufficient to found a decree in equity upon.

3. One verdict and judgment in ejectment between John J. Treftz and the defendants, who were plaintiff in the former case, is not a bar to this action. The parties, plaintiff and defendant, do not in this case stand in the relation of vendor and vendee, or mortgagor or mortgagee.

4. The rule to show cause in the former case, made absolute in 1868, is inoperative, and insufficient to prevent this case on this trial from going to the jury as a question of fact respecting whether the plaintiff is a purchaser for value without notice.

5. In an ejectment between the plaintiff who holds the legal title, and the defendants who set up an equity obtained from J. Adam Treftz, who was not the holder of the legal title, or so far as the plaintiff knew, the holder of an equity, but a stranger to the title, one verdict and judgment are not conclusive.

Judge Dean, after stating the title of each party, charged : * * *

" [But the defendants have in answer to this primâ facie case of the plaintiff given in evidence the record of an action of eject-ment in this court to No. 26 of April Term 1848, between George S. King and Peter Shoenberger, doing business as ' George S. King & Co.,' plaintiffs, and J. Adam Treftz and John J. Treftz, defendants, for the same land in which there was a verdict for the plaintiffs. The defendants in this suit, it is not questioned, hold under the successful plaintiffs in the former suit; and John J. Treftz, the plaintiff here, was one of the defendants in the former action, and consequently the judgment on the former verdict is against John J. Treftz. The defendants have followed this by the testimony of Judge Potts, one of the counsel for the plaintiffs in the former action, who testifies that the matters litigated in that action are identical with those raised in this issue.

" The first ejectment was in its nature a bill in equity to enforce the execution of a trust, it being there claimed by ' George S. King & Co.,' that the legal title to the land was held by John J. Treftz, in trust for them, the plaintiff. The jury in that case de-termined on the questions of fact submitted to them, that the averment of the plaintiffs was true ; that the legal title was held by Treftz only as a trustee for ' George S. King & Co.'

[Treftz v. Pitts.]

" A writ of error was sued out by the defendants on the judgment entered on that verdict, and the rulings of Judge Taylor passed upon by the Supreme Court. One of the questions argued before the Supreme Court was, whether the facts from which a trust was claimed were sufficient to warrant the jury in so finding.

" That court decided there was sufficient evidence to go to the jury, and affirmed that judgment. On the record being remitted to this court, further proceedings were had, and a conveyance of the legal title by John J. Treftz to the plaintiffs, ' George S. King & Co.,' was decreed, which decree remains upon the record as it was entered. If it were irregularly or improvidently made, Treftz should have appealed to the Supreme Court and have it vacated or set aside, but he cannot avoid the effect of it by asserting its irregularity in this action ; we must here give it its full force, and treat the defendants in this action as the owners of the legal title under that decree.]

" [Further, even if that decree of conveyance had not been made, we are of the opinion that the plaintiff could not recover. This is a second ejectment for the same land, between substantially the same parties. The receipt by J. Adam Treftz of the money paid into court in that action estops both him and his son John J. Treftz from thereafter claiming the land. And further, the former suit being substantially a bill in equity to enforce the execution of a trust, the same questions of fact, from the admissions of the counsel, although not on the same evidence, having been raised there, as that raised here, the former judgment is a bar to any recovery in this second action of ejectment between the same parties and their privies."]

The court instructed the jury to find a verdict for the defendants. The jury so found.

The plaintiff took a writ of error and assigned the refusal of his points and the parts of the charge in brackets for error.

*G. M. Reade*, for plaintiff in error.—The defendants' evidence showed no more than that they were holders of a secret equity and it should not have been decided as a matter of law in their favor against a legal title without notice : Clark v. Hackethorn, 3 Yeates 269 ; Gilday v. Watson, 5 S. & R. 267 ; Scott v. Gallagher, 14 Id. 333 ; Bracken v. Miller, 4 W. & S. 102 ; Juvenal v. Patterson, 10 Barr 282 ; Wilkin v. Anderson, 1 Jones 399 ; Meals v. Brandon, 4 Harris 220. As to one verdict concluding the right he cited Mercer v. Watson, 1 Watts 330 ; Drexel v. Man, 2 Barr 267 ; Kinter v. Jenks, 7 Wright 445 ; Murphy v. Nathans, 10 Id. 508 ; Seitzinger v. Ridgway, 9 Watts 496 ; Taylor v. Abbott, 5 Wright 352.

The purchase-money being paid, one verdict and judgment are not conclusive : Paull v. Oliphant, 2 Harris 342 ; Ives v. Leet, 14

S. & R. 301. A summary decision raised by motion is not a bar in a subsequent action on the same question : Wistar *v*. McManes, 4 P. F. Smith 318. The jury in a second case are not bound by questions of fact which controlled a former jury or by questions of law discussed in the Supreme Court: Dime Saving Ins. *v*. Allentown Bank, 11 P. F. Smith 391; Young's Estate, 15 Id. 101.

*J. P. Linton* (with whom was *R. L. Johnston*), for defendants in error.—One verdict and judgment in ejectment on an equitable title is conclusive : Peterman *v*. Huling, 7 Casey 432; Church *v*. Ruland, 14 P. F. Smith 441; when the record is general it may be shown by parol what was in litigation: Meyers *v*. Hill, 10 Wright 12.

The opinion of the court was delivered, November 10th 1873, by SHARSWOOD, J.—The questions which arise upon this record may be resolved into two : First, Is a party who claims as a purchaser for value without notice concluded by one verdict and judgment in an ejectment against him founded upon an equitable title in the plaintiff? And second, when the verdict in such ejectment is a general one for the plaintiff, is it competent in the second ejectment to prove by parol evidence that the title upon which the recovery was had was an equitable one ?

As to the first of these questions it was admitted in the court below, and has not been controverted here, that upon the parol evidence, if it was competent, it was clearly proved that the action of ejectment of April Term 1848, No. 26, in the court below, King *v*. Treftz, was founded upon an equitable title. That the plaintiffs claimed that J. Adam Treftz had entered into articles to purchase the land with Christian Horner, the legal owner, as their agent or trustee, and had paid their money for it, which would create a resulting trust for them, and which was, moreover, evidenced in writing by a declaration or receipt signed by J. Adam Treftz, February 9th 1846, and that John J. Treftz, the present plaintiffs, was a defendant in that suit, and claimed that he was a purchaser of the legal title from Christian Horner, bonâ fide for value and without notice. See Trefts *v*. King, 6 Harris 157. That verdict and judgment must be taken to have found for the plaintiffs, not only that they were the beneficial holders of the equitable title, but that John J. Treftz was not a purchaser for value bonâ fide and without notice. It was settled in Seitzinger *v*. Ridgway, 9 Watts 496, that in this state an action of ejectment upon an equitable title is a substitute for and equivalent to a bill in equity, and that the verdict and judgment have all the conclusive effect which the decree of a chancellor would have. It was determined in Peterman *v*. Huling, 7 Casey 432, that this rule includes all equitable titles, and that it stands unaltered by any act of the legislature, the resolution of May 5th 1841 having been

repealed by the fifth section of the Act of April 30th 1850. Now, if the first ejectment had been a bill in equity to enforce the trust against J. Adam Treftz, and John J. Treftz made a party as the holder of the legal title, had put in a plea that he was a purchaser for value bonâ fide and without notice, or had set up such a defence in his answer, and the determination had been against his plea or defence, he would have been decreed to convey, and it certainly could not be pretended that it would not have been conclusive against him if he had afterwards commenced an action of ejectment upon his legal title. It follows necessarily and logically that it must be equally conclusive when under our system the same determination is made against his title in an equitable ejectment. Indeed it appears that in Seitzinger v. Ridgway, supra, the first action was brought against the assignee of the vendor, who, it was alleged, had notice, at the time they bought, of the contract of purchase. The recovery there was against the vendor, who was held concluded as against the assignee, and surely if one party is bound the other must also be, for estoppels must be mutual. These principles are not affected by either of the cases cited on behalf of the plaintiff in error. Paull v. Oliphant, 2 Harris 342, was decided by this court in 1850, the trial below was in 1848, before the passage of the Act of April 30th 1850. The determination was therefore under the resolution of May 5th 1841, as modified by the Act of April 21st 1846, which confined the conclusiveness of one verdict and judgment to actions, "to enforce the payment of purchase-money wherever time becomes an essence in the finding of the jury:" 7 Casey 435. Taylor v. Abbott, 5 Wright 252, decides in effect that a vendee under articles, who has paid the purchase-money in full, has in this state the legal title, no conveyance being necessary because we consider that as actually done which a chancellor would decree to be done. In the very short opinion by Mr. Chief Justice Lowrie, he says: "In such an action no conditional verdict can be required, and therefore nothing like a decree in equity for a specific performance." It is enough to say that this is not that case. The ejectment was to establish a trust, and the full purchase-money had not been paid when the action was commenced, though the payment of the balance of the purchase-money into court on the trial rendered a conditional verdict unnecessary.

The second question, whether it was competent to prove by parol evidence that the title upon which the recovery was had in the first ejectment was an equitable one, has been expressly ruled by this court in Meyers v. Hill, 10 Wright 9. Mr. Justice Strong said: "Notwithstanding what has been said in some cases, it is well established, in reason and authority, that where a record is general it may be shown by parol what were the matters in litigation. The record may be explained, though it cannot be contra-

[Treftz *v.* King.]

dicted. The matters in dispute may be identified." This was applied in that case to the very question now before us, the admission of parol evidence to show that a former recovery in ejectment was upon an equitable title. The dictum of Mr. Justice Bell in Paull *v.* Oliphant, 2 Harris 351, is not in conflict. That case, as we have seen, was under the Act of 1846, which required a conditional verdict to give conclusive effect to one verdict and judgment. Mr. Justice Bell merely says : " To ascertain the character of that judgment we must look to the record of it alone. That shows not that it is such a conditional judgment as is contemplated by the statute : and the omission cannot be aided by parol."

Judgment affirmed.